UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JEANE MARIE GREINER, No. 7-13-13698 JL

Debtor.

WILLIE ROMAN and BLACKHAM,
ROMAN, GREINER & ASSOC., INC.,

Plaintiffs,

v. Adversary No. 14-1016 J

JEANE MARIE GREINER,
d/b/a DIAMONDBACK LAND SURVEYING CO.,

Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Plaintiffs' Motion for Leave to File First Amended Complaint ("Motion to Amend Complaint") – Docket No. 13. Plaintiffs' original complaint asserted non-dischargeability claims against the Debtor, Jeane Marie Greiner (sometimes called "Debtor"), under 11 U.S.C. § 523(a)(4).[1] *See* Complaint for Declaratory Judgment and for Rule 7001(f) Adversarial Proceeding to Preclude Discharge of Secured Debt Due to Defendant's Fraud and Embezzlement (the " original Complaint" or "Complaint") – Docket No. 1. Plaintiffs did not name Debtor's spouse, Kery Greiner, as a defendant in the original Complaint, though the original Complaint contains many factual allegations of Mr. Greiner's wrongful actions.

---

[1] Section 523(a)(4) excepts from discharge the following types of debt: 1) debts arising from a debtor's fraud or defalcation while acting in a fiduciary capacity; 2) debts arising from a debtor's embezzlement; and 3) debts arising from a debtor's larceny. 11 U.S.C. § 523(a)(4).

Unless otherwise noted, all statutory references in this decision will be to the Bankruptcy Code, codified in Title 11 of the United States Code.

Plaintiffs seek to amend the Complaint to: 1) name Kery Greiner as a defendant; 2) amplify their existing non-dischargeability claims against Ms. Greiner; 3) add several state law claims against Debtor and Kery Greiner; 4) add a non-dischargeability claim against Debtor under § 523(a)(6); and 5) add a request for declaratory judgment under § 524(a)(3) determining that Plaintiffs' community claim is not subject to the discharge injunction against collection from community property acquired after the commencement of Debtor's bankruptcy case. Debtor opposes the Motion to Amend Complaint, asserting that the proposed amendments are time-barred and fail to satisfy the relation-back requirements for the Court to grant leave to amend under Fed.R.Civ.P. 15(c).[2] *See* Response to Motion to Amend - Docket No. 18.

At a status conference held August 1, 2014, the Court requested the parties to brief the following issues: 1) whether Rule 15(c) is implicated in this adversary proceeding with respect to adding the non-debtor spouse as a defendant; 2) whether Plaintiffs must seek to name the non-debtor spouse as a defendant within the time limit for filing complaints objecting to the dischargeability of debts in Debtor's bankruptcy case in order to prosecute a non-dischargeability claim based on the wrongdoing of the non-debtor spouse; and 3) whether the timely filing of the Complaint against Debtor is sufficient for purposes of applying § 524. *See* Order Resulting from Status Conference – Docket No. 20. The supplemental briefing was completed September 29, 2014.[3]

For the reasons explained more fully below, the Court will allow Plaintiffs to amend the Complaint to add a non-dischargeability claim against Debtor under an additional subsection of §

---

[2] All future references to "Rule" refer to the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedures; those denominated in a single or double digit are Civil Rules, and those denominated in the thousands are Bankruptcy Rules.

[3] *See* Supplemental Response to Motion to Amend – Docket No. 21; Plaintiff's Supplemental Reply to Motion to Amend –Docket No. 22; and Sur-Reply to Plaintiffs' Supplemental Reply to Motion to Amend – Docket No. 23.

523(a); to amplify their existing claims against Debtor; to add state law causes of action; and to include a request for a declaratory judgment under § 524(a)(3) determining whether Plaintiffs' community claim is subject to the community property discharge injunction. By timely filing a non-dischargeability action against Debtor that included allegations of the non-debtor spouse's wrongdoing, Plaintiffs have satisfied the requirements of Rule 4007(c). Plaintiffs need not name Mr. Greiner as a defendant in this adversary proceeding within the time specified in that Rule in order to obtain a determination of whether after-acquired community property is subject to § 524(a)(3)'s discharge injunction.

PROCEDURAL HISTORY

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 14, 2013. *See* Case No. 7-13-13698 JL – Docket No. 1. Plaintiffs commenced this adversary proceeding on February 5, 2014. *See* Complaint – Docket No. 1. The original Complaint objects to the discharge of a debt under § 523(a)(4) and contains the following allegations.

Kery Greiner owned a surveying company known as Diamondback Land Surveying Co., a New Mexico corporation ("Diamondback"). Complaint, ¶¶ 8 and 9. Debtor was Diamondback's bookkeeper. Complaint, ¶ 6.c. With Debtor's knowledge and approval, Diamondback sold all of its assets to Blackham, Roman, Gunaji & Associates, Inc. Complaint, ¶¶ 9 and 13. After the sale, Kery Greiner became an employee, officer and director of Blackham, Roman, Gunaji & Associates, Inc., and the corporation changed its name to Blackham, Roman, Greiner & Associates, Inc. ("BRG"). Complaint, ¶ 10. Kery Greiner specifically promised he would provide his surveying services exclusively through BRG. Complaint, ¶ 11. After the sale, Kery Greiner, with Debtor's assistance, secretly continued to perform more than $1 million of surveying services for Diamondback, and issued invoices to

-3-

practically all of their former clients through Diamondback. Complaint, ¶¶ 21 and 22. In 2009, BRG employed Debtor as its bookkeeper. Complaint, ¶ 20. While employed as BRG's bookkeeper, Debtor sent numerous emails from her BRG work email to surveying clients instructing them to pay Diamondback, not BRG. Complaint, ¶ 24.

Before the commencement of the Ms. Greiner's bankruptcy case, Plaintiffs filed a lawsuit against Jeane Greiner, Kery Greiner and Diamondback in the Third Judicial District Court as Case No. CV-2012-2930. A copy of that state court complaint ("State Court Complaint") is attached as Exhibit H to the original Complaint filed in this adversary proceeding. The State Court Complaint asserted claims for breach of contract, breach of fiduciary duty, conversion, tortious interference with prospective contractual relations, prima facie tort, negligent supervision, aiding and abetting a breach of fiduciary duty and fraudulent misrepresentation. *See* Complaint, ¶ 26.

The discovery completion deadline in this adversary proceeding was June 24, 2014. *See* Order Resulting from Scheduling Conference – Docket No. 8. On April 4, 2014, the Debtor filed a Motion to Dismiss under Rule 12(b)(6) ("Motion to Dismiss"). Plaintiffs filed their Motion to Amend Complaint shortly after the completion of the briefing on the Motion to Dismiss. The parties agreed to stay discovery pending disposition of the Motion to Dismiss. *See* Stipulated Order Granting Unopposed Motion to Stay Discovery – Docket No. 15. The Court decided to defer its ruling on the Motion to Dismiss until after ruling on the Motion to Amend Complaint. As a result, discovery is still stayed. The docket reflects than none of the parties have taken any discovery.

DISCUSSION

    A. *Whether Plaintiffs may amend the Complaint to add a claim against Debtor under Section 523(a)(6), to amplify the claims already asserted against Debtor, and to add a request for declaratory judgment with respect to the Debtor under Section 524(a)(3)*

Rule 15, made applicable to adversary proceedings by Rule 7015, governs amendments to complaints. Leave to amend should be freely given when justice requires. *See* Fed.R.Civ.P. 15(a)(2)("[t]he court should freely give leave when justice so requires." ). However, Rule 15 will not permit a plaintiff to add a claim otherwise barred by an applicable statute of limitations unless the original pleading sufficiently put the opposing party on notice of the claims in the amendment such that the new claim relates back to the claims raised in the original pleading. *See* Fed.R.Civ.P. 15(c); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1497, at pp. 97-99 (2010)(explaining that "[o]nly if the original pleading has [put the opposing party on notice of the claim], which typically will be the case if the letter of the test set forth in Rule 15(c) is satisfied, will the amendment be allowed to relate back to prevent the running of the limitations period in the interim from barring the claim or defense."). Amendment without relation-back would be futile because the amended complaint would subsequently be dismissed as time-barred. The relation-back provisions of Rule 15(c) apply to amendments of non-dischargeability complaints. *See First Nat'l Bank in Okeene v. Barnes,* 956 F.2d 277 (10th Cir. 1992)(Unpublished)(reviewing plaintiff's request to amend its complaint to add a claim under § 523(a)(6) under the relation-back requirements of Rule 15).

With one exception not applicable here, whether a proposed claim against an existing party to the action relates back to the original complaint "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix,* 545 U.S. 644, 659, 125 S.Ct. 2562, 2572, 162 L.Ed.2d 582 (2005)(quoting *Clipper Exxpress v. Rocky*

*Mountain Motor Tariff Bureau, Inc.,* 680 F.2d 1240, 1259, n.29 (9th Cir. 1982)(remaining citation omitted)). *See also,* Rule 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."). "[T]he 'bottom line' under Rule 15(c) is the notice given to the opposing party." *Columbia State Bank, N.A. v. Daviscourt (In re Daviscourt),* 353 B.R. 674, 683 (10th Cir. BAP 2006). *See also, Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 573 (7th Cir. 2006)("The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint to the amended one.")(citations omitted). In the context of a non-dischargeability complaint, an amended complaint that adds a claim under an additional subsection of § 523(a) relates back to the original complaint if the new claim is based on a core of operative facts alleged in the original complaint such that the original complaint gave fair notice to the defendant of the conduct, transactions and occurrences that form the basis of the new claim. *See ZVI Constr. Co., LLC v. Huggard (In re Huggard),* 510 B.R. 668, 673 (Bankr.D.Mass. 2014)(allowing plaintiff to amend the non-dischargeability complaint to add claims under additional subsection of § 523(a) where the amended complaint was "entirely grounded on the same set of core facts that form the basis of the Original Complaint.").[4]

---

[4]*See also New Century Bank, N.A. v. Carmell (In re Carmell),* 424 B.R. 401, 413 (Bankr.N.D.Ill. 2010) (in allowing plaintiff to amend a complaint to add a claim under § 523(a)(2)(A), the Court observed that Rule 15(c) requires "that facts plead in the original complaint provided the defendant with sufficient notice of the transactions asserted or which the newly specified theories of the amended complaint are based[,]" but "[t]here is no requirement that the original and amended complaints advance the same substantive legal theory.")(citations omitted); *Maes v. Herrera (In re Herrera),* 36 B.R. 693 (Bankr.D.Colo. 1984)(allowing plaintiffs to amend a complaint alleging non-dischargeability under §

Plaintiffs' original Complaint included a non-dischargeability claim under § 523(a)(4). With respect to Debtor, the proposed amended complaint adds the following claims under the Bankruptcy Code: 1) a claim objecting to the dischargeability of debt under § 523(a)(6); and 2) a request for declaratory judgment determining that under 11 U.S.C. § 524(a)(3) Debtor is not entitled to a discharge injunction that protects community property of either spouse acquired after commencement of Debtor's bankruptcy case. Debtor contends that the proposed amended complaint against her does not share a common core of operative facts with the original Complaint. She asserts that the original Complaint sets forth a very a limited set of factual allegations that describe only Mr. Greiner's alleged wrongful conduct, but not hers. The Court disagrees.

The original Complaint includes allegations that Debtor knew and approved of Diamondback's sale of all of its assets to BRG and of Mr. Greiner's obligation to perform surveying services exclusively through BRG; that Debtor assisted her husband in secretly continuing to perform more than $1 million of surveying services for Diamondback after the sale; and that while employed as BRG's bookkeeper, Debtor sent numerous emails from her BRG work email to surveying clients instructing them to pay Diamondback, not BRG. Additional factual details are contained in the State Court Complaint attached as an exhibit to the original Complaint filed in this adversary proceeding. The additional counts contained in the proposed amended complaint are predicated on these same set of operative facts, with some amplification. The original Complaint gave the Debtor fair notice of the conduct, transactions, and occurrences that form the basis of Plaintiffs' new claim under § 523(a)(6).

---

523(a)(6) to add a non-dischargeability claim under § 523(a)(2)(A) where the new claim arose out of the same conduct, transaction, or occurrence as the original claim).

In addition, the original Complaint alleged a core of operative facts based on conduct of both Debtor and her non-debtor spouse that sufficiently placed Debtor on notice of the conduct, transactions, and occurrences that form the basis of Plaintiffs' new request for declaratory judgment under § 524(a)(3) determining whether Plaintiffs' claim is excepted from the community property discharge injunction. The factual allegations of wrongdoing by Mr. Greiner in the original Complaint are the same facts that form the basis of Plaintiffs' request for declaratory judgment under § 524(a)(3).

Plaintiffs have satisfied the requirements of Rule 15(c)(1)(b) for the claims against Debtor under § 523(a)(6) and § 524(a)(3) contained in the proposed amended complaint to relate back to the date of filing of the original Complaint. Plaintiffs may also amplify the factual allegations supporting their existing claims against Debtor asserted in the original Complaint. Debtor has not asserted that she will be prejudiced by amendment of the Complaint. Discovery is stayed pending the Court's ruling on the Motion to Dismiss, and none of the parties has yet engaged in discovery.

B. *Whether Plaintiffs may amend the Complaint to add Mr. Greiner as a defendant*

1. <u>The community property discharge injunction under § 524</u>

Sections 524(a)(1) and (2) impose a discharge injunction that protects the debtor's interests in property from creditors' efforts to collect a discharged debt as a personal liability of the debtor. Section 524(a)(3) goes further. Where only one spouse is a debtor, that section imposes a discharge injunction that protects not only the community property interests of the debtor but also those of the non-debtor spouse arising after commencement of the debtor's bankruptcy case.[5] Section 524(a)(3) provides:

---

[5] Future references "to after-acquired community property" are to community property acquired after the commencement of the debtor's bankruptcy case.

> A discharge in a case under this title—
>> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.
>
> 11 U.S.C. § 524(a)(3).

A "community claim" is a "claim that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) or this title is liable, whether or not there is any such property at the time of the commencement of the case." 11 U.S.C. § 101(7). Property specified in § 541(a)(2) includes, with certain limitations, "[a]ll interests of the debtor and debtor's spouse in community property as of the commencement of the case" that is liable for an allowable claim against the debtor or an allowable claim against the debtor and the debtor's spouse. 11 U.S.C. § 541(a)(2)(B).

Under New Mexico community property law, the community property of both spouses is liable for a community debt. *See* N.M.S.A. 1978 § 40-3-9(B) (defining "community debt" as "a debt contracted or incurred by either or both spouses during marriage which is not a separate debt."). A creditor can collect a community debt from the community property interests of both spouses regardless of which spouse incurred the debt. *Id.*; N.M.S.A. 1978 § 40-3-11(A)("Community debts shall be satisfied first from all community property . . . "). As a result, if only one spouse files a bankruptcy case and receives a discharge, without the community property discharge injunction, the creditor could still collect the debt from the community property interests of both spouses based solely on the personal liability of the non-debtor spouse.

*See In re Strickland,* 153 B.R. 909, 911 (Bankr.D.N.M. 1995)(explaining that the non-debtor spouse remains liable following the entry of the debtor's discharge; the community property discharge injunction reduces "the sources against which the debt may be enforced")(citation omitted). The community property discharge injunction changes this result.

Under § 524(a)(3), if a community claim against the debtor is discharged, the discharge injunction is effective against the after-acquired community property interests of both the debtor and non-debtor spouse, even though only one spouse filed a bankruptcy case and received a discharge. *See Midi Music Center, Inc. v. Smith (In re Smith),* 140 B.R. 904, 907 (Bankr.D.N.M. 1992)(explaining that the entry of the discharge in the debtor's bankruptcy case "prohibits creditors from proceeding against community property acquired after the petition was filed, even as against the non-debtor spouse.")(citations omitted). *See also First Louisiana Bus. and Indus. Dev. Corp. v. Dyson (In re Dyson),* 277 B.R. 84, 93 (Bankr.M.D.La. 2002)("Section 524(a)(3) . . . extend[s] the protections afforded the debtor under § 524(a)(1) and (2) to the debtor's non-filing spouse's interest in the post-petition community as well."); *In re Kimmel,* 378 B.R. 630, 636 (9th Cir. BAP 2007)("the effect of § 524(a)(3) is that all community property acquired post-bankruptcy is protected by the discharge.").

Section 524(a)(3) contains two exceptions. First, the section makes it clear that if a debtor is denied a discharge of a debt, there is no discharge injunction applicable to after-acquired community property interests of either spouse relative to collection of the debt. *See* 11 U.S.C. § 524(a)(3); *Dyson,* 277 B.R. at 96 (explaining that, under § 524(a)(3), once a claim excepted from the debtor's discharge, the community property discharge injunction is inapplicable). Second, even if the debtor is granted a discharge of a debt, the discharge injunction does not protect after-acquired community property interests of either spouse relative

to collection of the debt where the debt would have been excepted from discharge in a hypothetical bankruptcy case[6] commenced by the non-debtor spouse on date the debtor's case was commenced.[7] Thus, a creditor may seek a determination that the community property discharge injunction does not protect the interests of either the debtor spouse or the non-debtor spouse in after-acquired community property based on the conduct of either spouse.

The purpose of the community property discharge injunction is to protect the debtor's fresh start. *See Dyson,* 277 B.R. at 93 ("§ 524(a)(3) is a Congressional embodiment of the determination that in community property states . . . the debtor's fresh start should include the continuation of the financial community . . .").[8] Dismantling the non-debtor spouse's interests in community property would dismantle the financial community itself and thereby harm the debtor. To protect the debtor's fresh start, however, the non-debtor spouse receives an incidental benefit— the injunction resulting from the discharge granted to the debtor protects the non-debtor spouse's interest in after-acquired community property as well as the debtor's interest. *See Kimmel,* 378 B.R. at 636 ("'[A] nondebtor spouse in a community property state typically benefits from the discharge of the debtor spouse.'")(quoting *Burman v. Homan (In re Homan),* 112 B.R. 356, 360 (9th Cir. BAP 1989)(citation omitted)).

---

[6] References to the "hypothetical bankruptcy case" or "hypothetical case" mean the hypothetical bankruptcy case commenced by the non-debtor spouse on the same date the debtor's case was commenced. *See* 11 U.S.C. § 524(a)(3)(the debt "that would be so excepted . . . in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor.").
[7] S*ee Strickland,* 153 B.R. at 912 ("if the debt is hypothetically nondischargeable as to the nondebtor spouse then the community does not receive a discharge . . .")(citation omitted); *Liquidator of American Lloyds Ins. Co v. Kastner (In re Kastner),* 197 B.R. 620, 623 (Bankr.E.D.La. 1996)(same).
[8] *See also, Strickland,* 153 B.R. at 912 ("a discharge received by a debtor provides a fresh start and shields after-acquired community property from the claims of creditors . . .")(citation omitted); *Gonzales . Costanza (In re Costanza),* 151 B.R. 588, 589-90 (Bankr.D.N.M. 1993)(the discharge "provides the marital community of which [the debtor-spouse] is an equal member, a fresh start."); *Kastner,* 197 B.R. at 622 ("Pursuant to Section 524, a debtor receiving a discharge receives a fresh start, and any after-acquired community property is shielded from the claims of creditors . . .")(citing *Strickland,* 153 B.R. at 912).

      2.      <u>The time limit imposed by Rule 4007(c) with respect to a creditor's request to determine the extent of the community property discharge injunction under § 524(a)(3)</u>

Debtor contends that the Court may not determine under § 524(a)(3) whether the debt allegedly owed Plaintiffs would have been discharged in a hypothetical case filed by her spouse unless her spouse is joined as a defendant in this adversary proceeding. Debtor contends further that it is too late to join her spouse under the time limit imposed by Rule 4007(c). The Court disagrees.[9]

Plaintiffs commenced this adversary proceeding against Debtor within the time required by Rule 4007(c). That Rule provides that "a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Fed.R.Bankr.P. 4007(c). The 60-day period in Debtor's case ended on February 18, 20014. Plaintiffs commenced this adversary proceeding on February 5, 2014.

If the Court denies Debtor a discharge of the debt allegedly owed Plaintiffs under § 523(a), then the discharge injunction will not protect after-acquired community property of either Debtor or her spouse. *See* 11 U.S.C. § 524(a)(3); *Dyson,* 277 B.R. at 96 (explaining that once the claim is excepted from the debtor's discharge under § 523, "no further analysis is necessary; the claim is excepted from the general effect of § 524(a)(3)."). However, if the Court determines that the debt should be discharged, the discharge injunction will protect the after-acquired community property of both spouses unless the Court determines that the debt would not have

---

[9] Debtor also argues that the time limit imposed by Rule 4004(a), not Rule 4007(c), applies here. That argument is misplaced. Rule 4004(a) imposes a time limit for filing objections to the debtor's discharge under § 727, not an objection to the dischargeability of a particular debt in accordance with § 523(c). "When a creditor seeks to object hypothetically to the dischargeability of a particular debt of the debtor's spouse it is proceeding under § 524(a)(3). When a creditor seeks to have the entire discharge denied in a hypothetical case against the debtor's spouse it is proceeding under § 524(b)." *Costanza,* 151 B.R. at 589 n. 2 (citations omitted). Plaintiffs are not objecting to the hypothetical discharge of the non-debtor spouse, but are objecting to the discharge of a particular debt. Plaintiffs are, therefore, proceeding under § 524(a)(3), not § 524(b)(2)(A). *See* proposed Amended Complaint, ¶ 109 – Docket No. 13.

-12-

Case 14-01016-t    Doc 24    Filed 11/18/14    Entered 11/18/14 17:21:18 Page 12 of 19

been discharged in the non-debtor spouse's hypothetical case filed on the date Debtor's case was commenced.

Plaintiffs first sought to add Debtor's spouse as a defendant in this adversary proceeding on June 27, 2014, more than four months after time limit specified in Rule 4007(c). There is support for Debtor's position that it is too late for Plaintiffs to add Debtor's spouse as a defendant for purposes of conducting the hypothetical non-dischargeability inquiry under § 524(a)(3). In *Strickland,* the bankruptcy court found that "for a creditor to properly object to a community property discharge accorded nonfiling spouses in community property states, the creditor must proceed against the nonfiling spouse in a hypothetical case involving the nonfiling spouse, if only one spouse has filed." *Strickland,* 153 B.R. at 912 (citing *Smith,* 140 B.R. at 909-910). *Strickland* further held that "[i]t is the duty of scheduled creditors to object to the hypothetical discharge of the nondebtor spouse, within the time limits set by the bankruptcy code." *Id.* (citing *In re Karber,* 25 B.R. 9, 12, (Bankr.N.D.Tex. 1982)). Similarly, *Collier on Bankruptcy* observes that the alleged wrongdoer non-debtor spouse must "always be made a party to the dischargeability action" and that "complaints to determine the nondischargeability of an . . . obligation of the nondebtor spouse in a hypothetical case commenced by such spouse must be filed within the time period set forth in Federal Rule of Bankruptcy Procedure 4007(c)." 4 Collier on Bankruptcy ¶ 524.02[3][c] (Alan N. Resnick and Henry J. Sommer, eds., 16th ed. rev. 2012). *See also, Smith,* 140 B.R. at 911 ("the alleged wrongdoer(s) must be named in all instances, whether the bankruptcy be real or hypothetical."). Under this view, a creditor must both name the non-debtor spouse as a defendant *and* assert their hypothetical non-dischargeability issue under § 524(a)(3) within the time limits of Rule 4007(c).

The Court agrees that creditors must act diligently to escape the reach of the community property discharge injunction that protects the community property of both spouses even when only one spouse files a bankruptcy case. The Court also agrees that creditors must file a complaint against the debtor within the Rule 4007(c) time limit to invoke the exception to the community property discharge injunction based on the non-dischargeability of debt in a hypothetical case of the non-debtor spouse. *See Kimmel,* 378 B.R. at 637 ("The failure by creditors to raise nondischageability and discharge objection issues in a timely manner *in the case of the debtor spouse* allow the community discharge to be effected.")(emphasis added). The Court is not persuaded, however, that the Rule 4007(c) time limit applies to joinder of the non-debtor spouse.

A close reading of §§ 523(c) and 524(a)(3) together with Rule 4007(c) reveals that the filing of a non-dischargeability complaint against only the debtor within the time specified in Rule 4007(c), seeking a determination that the non-debtor spouse would not have been granted a discharge of a debt in the hypothetical case, is all that is required. Rule 4007(c), by its terms, applies only to "a complaint to determine the dischargeability of a debt under § 523(c)." Actions under § 524(a) are actions to determine the extent of the community property discharge injunction, not to determine the dischargeability of a debt. Read in isolation, Rule 4007(c) does not apply to actions under § 524(a). However, § 524(a)(3), in turn, instructs that actions to determine the extent of the community property discharge injunction based on whether the debt would have been excepted from discharge in the non-debtor spouse's hypothetical case should be "determined in accordance with the provisions of sections 523(c) and 523(d) of this title."[10] This

---

[10] Section 523(c) provides that a debtor is to be discharged from debts of the kind specified in §§ 523(a)(2), (4) and (6) unless a creditor objects to discharge of the debt under one or more of those sections and the court rules for the creditor. Section 523(d) contains an attorney fee provision applicable where a creditor objects to the discharge of a consumer debt.

-14-

Bankruptcy Code section therefore makes Rule 4007(c)'s 60-day time limit for commencement of actions governed by § 523(c) also applicable to the commencement of an action in the debtor's case under § 524(a)(3) seeking to determine dischargeability of debt under §§ 523(a)(2), (4) and (6) in the hypothetical case of the non-debtor spouse.

Notwithstanding Rule 4007(c)'s applicability, nothing in § 524(a)(3) requires a creditor to name both the debtor and the non-debtor spouse when seeking a determination that the community property discharge injunction does not protect the debtor due to the alleged wrongdoing of the non-debtor spouse. Section 524(a)(3) is intended and designed to protect the debtor's financial fresh start after discharge,[11] and only addresses the effect of the discharge granted to the debtor. The non-debtor spouse, who is not granted a discharge or afforded a fresh start in the debtor's case, is merely an incidental beneficiary of the community property discharge injunction to prevent harm to the debtor. A non-debtor spouse can file his or her own bankruptcy case to invoke the protections of the Bankruptcy Code. And if the non-debtor spouse files a separate bankruptcy case but was not a party to the § 524(a)(3) action in the original debtor-spouse's case, he or she ordinarily would not be bound by a court's prior decision on dischargeability of debt in the hypothetical case.[12] A creditor need name only the debtor to seek

---

[11] *See Walker v. Wilde (In re Walker),* 927 F.2d 1138, 1142 (10th Cir. 1991)("The intent of this post-discharge injunction is to protect debtors like Walker in their financial 'fresh start' following discharge.")(citations omitted).

[12] The collateral estoppel doctrine would not bind a non-debtor spouse to the litigation unless such spouse was in privity with the debtor spouse. See *Ullrich v. Blanchard*, 142 N.M. 835, 839, 171 P.3d 774, 778 (Ct. App. 2007) (describing the four elements of the collateral estoppel doctrine). Privity may exist if the non-debtor spouse exercises substantial control over the debtor's litigation of the case. *See DeLisle v. Avallone*, 117 N.M. 602, 605, 874 P.2d 1266, 1269)(Ct. App. 1994)("A 'person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party.'")(quoting *Restatement (Second) of Judgments*, § 39, at 382 (1980)). However, if the Court were to deny the discharge of the original debtor-spouse under § 707(a), an issue not before this Court, then § 524(b)(1)(A) would operate to preclude the non-debtor spouse who files for bankruptcy within six years of the petition date of the original debtor spouse's case from receiving the benefit of the community property discharge injunction. 11 U.S.C. § 524(b)(1)(A).

a determination of the extent of the protection afforded to the debtor by the community property discharge injunction arising from the debtor's discharge, even when the action is predicated on the alleged wrongdoing of the non-debtor spouse. It is sufficient if the complaint filed against the debtor is filed within the time limit of Rule 4007(c) and contains allegations of the alleged wrongdoing by the non-debtor spouse.

As a practical matter, it makes sense for a creditor to name the non-debtor spouse as a co-defendant in an action under § 524(a)(3) to bind the non-debtor spouse to the court's findings if he or she files a separate bankruptcy case. Further, some courts have held that due process requires joinder of the non-debtor spouse at least where relief is sought based on that spouses' alleged wrongdoing.[13] The Court need not decide whether due process requires joinder of Mr. Greiner in this adversary proceeding. Plaintiffs have sought to join Mr. Greiner within a time that enables him to protect his interests.

Because the time bar imposed by Rule 4007(c) does not apply to the joinder of Mr. Greiner as a defendant, Plaintiffs need not comply with the relation back requirements of Rule 15(c)(1)(C) to join Mr. Greiner as a defendant. Instead, Plaintiffs may join Mr. Greiner as a defendant under the general amendment provisions of Rule 15(a).

C. *The State Law Causes of Action*

The proposed amended complaint adds the following state law causes of action arising from the same transactions and occurrences described in the original Complaint: 1) a breach of contract claim against Kery Greiner; 2) a breach of fiduciary duty claim against Kery Greiner; 3)

---

[13] *See Smith,* 140 B.R. at 911 and 912 (stating that "[d]ue process concerns, however, dictate that the alleged wrongdoer(s) must be named in all instances, whether the bankruptcy be real or hypothetical[,]" and finding that "it is imperative that the spouse upon whose acts the dischargeability complaint is based must be named. Only then will due process concerns be addressed."); 4 Collier on Bankruptcy ¶ 524.02[3][c] ("due process concerns dictate that the alleged wrongdoer always be made a party to the dischargeability action or objection to discharge action, and that the debtor, whose fresh start is in jeopardy, should always be named in an action against the nondebtor spouse.").

-16-

Case 14-01016-t    Doc 24    Filed 11/18/14    Entered 11/18/14 17:21:18 Page 16 of 19

a conversion claim against Debtor and Kery Greiner; 4) a claim against Debtor and Kery Greiner for tortious interference with prospective contractual relations; 5) prima facie tort; 6) civil conspiracy; 7) a claim against Kery Greiner for negligent supervision; 8) a claim against Debtor for aiding and abetting a breach of fiduciary duty; and 9) a claim of fraudulent misrepresentation against Kery Greiner. Debtor has not objected to the Motion to Amend Complaint on the ground that all or some of these new claims do not state a claim upon which relief could be granted, thereby making amendment futile. As result, the Court will not address that issue, but will allow Plaintiffs to amend the Complaint to add these claims.

## CONCLUSION

The core of operative facts alleged in the original Complaint are the same core facts that form the basis of Plaintiffs' proposed additional claim against Debtor under an additional subsection of § 523(a). Those same set of facts also form the basis of Plaintiffs' declaratory judgment action under § 524(a)(3). Plaintiffs' proposed amended complaint against Debtor therefore relates back to the filing of the original Complaint. Debtor will not be prejudiced by the proposed amendment.

A plaintiff must assert a request for declaratory judgment under § 524(a)(3) against the debtor within the time limit imposed by Rule 4007(c) to obtain a determination of whether the debt is non-dischargeable in a hypothetical case filed by the non-debtor spouse. But because § 524(a)(3) does not require a plaintiff to name the non-debtor spouse as a defendant to such action, the 60-day period under Rule 4007(c) does not bar a plaintiff from adding the request for declaratory judgment under § 524(a)(3) based on the hypothetical discharge of the debt, provided the facts alleged in the original complaint are sufficient to put the debtor on notice of the alleged wrongdoing of the non-debtor spouse that forms the basis of the plaintiff's claim. A prudent

creditor holding an allowable community claim will name both the debtor and the non-debtor spouse when requesting a determination that the community property discharge injunction does not apply when relief is predicated on conduct of the non-debtor spouse.  Where, as here, Plaintiffs filed a complaint objecting to discharge of a debt alleging the same core of operative facts upon which their proposed amended complaint seeks a determination that the community property discharge injunction does not apply, Plaintiffs will be permitted to amend the Complaint to join the non-filing spouse.  The state law causes of action in the proposed amended complaint likewise arise from the same set of facts alleged in the original Complaint.

Based on the foregoing, the Court will grant the Motion to Amend Complaint.  Plaintiffs are permitted in their amendment to amplify their existing allegations against Debtor, to add a non-dischargeability claim under § 523(a)(6), to add their request for declaratory judgment under § 524(a)(3), and to add state law causes of action.  Mr. Greiner may also be joined as a defendant.  The Court's grant of leave to amend is without prejudice to Plaintiffs filing a further motion to dismiss for reasons other than that the claims are time barred.  Because the Court will allow Plaintiffs to amend their Complaint, the pending Motion to Dismiss is moot.  The Court will deny that motion without prejudice.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:  November 18, 2014

COPY TO:

Samuel I. Roybal
Thomas D. Walker
Walker & Associates, P.C.
Attorney for Plaintiffs Willie Roman and Blackham, Roman, Greiner & Associates, Inc.
500 Marquette, NW, Ste 650
Albuquerque, NM 87102

R Trey Arvizu, III
Attorney for Defendant Jeane Marie Greiner
PO Box 1479
Las Cruces, NM 88004-1479